Filed 2/8/24  P. v. Wooten CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E081403 |
| v. | (Super.Ct.No. FVI121001539) |
| KESEANDRE WOOTEN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Debra Harris, Judge.  Affirmed.

Laura Arnold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted defendant and appellant Keseandre Wooten of two counts of carrying a concealed dirk or dagger.  (Pen. Code,[1] § 21310.)  The trial court found a prior

---

[1]  All further statutory references are to the Penal Code.

1

strike allegation true on defendant's admission (§§ 664, 422 [attempted criminal threats], 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) and dismissed others (§§ 211, 245, subd. (a)(1)) as stipulated by the parties. The court then set a sentencing date that was ultimately delayed by more than a year, as we explain more fully *post*. At sentencing, the court imposed the mid-term sentence the parties requested: two years on count 1, doubled because of the strike finding, and a similar sentence on count 2, staying the latter under section 654. The court then ordered defendant's release for time served. Defendant appealed at the trial court's suggestion.[2]

On appeal, this court appointed counsel to represent defendant. Counsel's review of the record uncovered no arguable issues, including after consultation with Appellate Defenders, Inc. (See *People v. Johnson* (1981) 123 Cal.App.3d 106, 109 [threshold for "an arguable issue" requires "a reasonable potential for success"]; see also *Redante v. Yockelson* (2003) 112 Cal.App.4th 1351, 1356 [counsel cannot contrive arguable issues].) Counsel therefore filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of facts, a statement of the case, and requesting that we independently review the record, which we have done. Counsel did not suggest potential issues for our review and defendant, who was offered the opportunity to file his own supplemental brief, filed nothing. We affirm.

---

[2] The court did not provide a reason, stating simply to defendant's appointed deputy public defender, "Mr. Messarra, I'm asking you . . . to file a notice [of] appeal within a week." We note that, of 10 requests to continue a posttrial, presentencing competency hearing for defendant (§ 1368), which in effect also postponed his sentencing hearing though multiple evaluators had long found him competent, the court heard eight of those requests for continuances.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2021, a deputy sheriff responded to a dispatch report that an individual was chasing people with a knife at Center Street Park in Victorville. Defendant matched the description of the suspect, ignored the deputy's command to stop, and fled a couple of blocks before laying down on the ground. Other officers arrived, defendant was arrested, and a search uncovered two fixed-blade knives, one in his jacket and one in his right front pants pocket.

Defendant was charged and ultimately convicted as noted *ante* on December 22, 2021. The trial court set sentencing for February 4, 2022. Before trial, the court had expressed doubts under section 1368 about defendant's mental competency and, after trial, so did appointed defense counsel at the initial sentencing hearing, which the court continued. These mental health concerns were resolved in both instances following expert evaluations. (See *ibid.* [setting forth procedures when a doubt arises about the defendant's sanity].) There were three posttrial, presentencing evaluations; the first two conflicted on whether defendant was competent.

The third, concluding he was competent, was filed with the trial court as early as May 16, 2022, but no later than June 16, 2022. Ten continuances eventually pushed the hearing regarding defendant's competency to May 24, 2023.

The trial court found defendant competent at the hearing. The court (Hon. Debra Harris) had not presided over defendant's trial (Hon. Tony Raphael). At the parties' request, and after defendant "waive[d] any defect," the court imposed their stipulated

3

four-year sentence immediately instead of setting another sentencing hearing. The agreed sentence matched the one recommended in defendant's probation report. With sentencing credits of 1461 days (731 actual, 730 conduct), the court deemed defendant's sentence served and ordered his release.

## DISCUSSION

At a hearing under *People v. Marsden* (1970) 2 Cal.3d 118 on the eve of trial in December 2021, defendant complained of delay ("I been here since May the 28th") in what he regarded as "a petty case for a knife" that was "really wasting taxpayer's money." The trial court found no merit in defendant's bid under *Marsden* to be relieved of appointed counsel. Nor do we.

Nevertheless, we have examined the record with defendant's background concern regarding delay in mind. Thus, we considered on our independent review whether the year-long delay in his competency hearing and ensuing sentencing—without objection by his attorney—might constitute ineffective assistance of counsel (IAC). The record quickly foreclosed this possibility.

Only one of the 10 continuances was at the prosecution's request rather than by the defense. Two others were because defendant refused to be transported and one was by stipulation when defendant had to be removed from the courtroom in circumstances not disclosed by the record. The rest, at defense counsel's request, were presumably in defendant's best interests. (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.) Moreover, prejudice is an essential element of an IAC claim. (*Strickland v.*

4

*Washington* (1984) 466 U.S. 668, 697.)  No prejudice from delay in defendant's sentencing hearing is evident, particularly given that he received the sentence he requested.

Having examined the record and completed our independent review (*People v. Kelly* (2006) 40 Cal.4th 106), we find no arguable issues.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

5